# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MARK A. WHITE**,

        Petitioner,

v.

**FREDERICK ENTZEL,**
**Warden, FCI Hazelton**

        Respondent.

Civil No.: 3:18-CV-92
(GROH)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 6, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a memorandum in support thereof. ECF Nos. 1, 1-1. Petitioner submitted an amended memorandum in support of his petition on June 28, 2018. ECF No. 10. Petitioner is currently housed at Greenville FCI,[1] however, at the time he filed this action, Petitioner was housed at FCI Hazelton. ECF No. 1 at 1.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

---

[1] *Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/.

## II.     FACTS

### A. Conviction and Sentence[2]

On March 10, 1998, in the United States District Court for the Southern District of Indiana, the grand jury returned a multi-count indictment against several defendants related to a drug trafficking conspiracy which included the killing of an informant, money laundering and weapons offenses.  ECF No. 1 at 1; United States v. Thompson, 286 F.3d 950, 956 (7th Cir. 2002); and United States v. White, 406 F.3d 827, 829 (7th Cir. 2005).  On September 4, 1999, a jury convicted Petitioner of participating in a conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), and (h). White, 406 F.3d. at 829.

At his original sentencing, Petitioner was sentenced to life imprisonment "after [the Court] conclude[ed] that the conspiracy trafficked in more than five kilograms of cocaine and that the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(d)(1) murder cross-reference enhancement was applicable."  Id. at 830.  As described in section II.B. below, that sentence was later modified.

### B. First Direct Appeal

On December 17, 1999, Petitioner filed a notice of intent to appeal.  Id.  That case was docketed by the United States Court of Appeals for the Seventh Circuit as

---

[2] The facts in sections II.A. and B., unless otherwise noted, are taken from Petitioner's criminal case, Case Number 1:98-CR-38-3 in the United States District Court for the Southern District of Indiana, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").  Prior to December 22, 2010, that docket was maintained on the Judicial Automated Management System (JAMS), and while the documents filed before December 22, 2010, are unavailable on PACER, the entirety of the JAMS docket is accessible.  1:98-CR-38-3, ECF No. 1.

case number 99-4281.  U.S.C.A. 7th Cir. 99-4281.  This appeal was consolidated with the appeals of five co-defendants.  Id.

Petitioner appealed the application of the drug offense murder cross-reference enhancement to his sentence under U.S.S.G. § 2D1.1.  United States v. Thompson, 286 F.3d 950, 956 – 57 (7th Cir. 2002).  On April 9, 2002, the Seventh Circuit affirmed Petitioner's conviction, but held that the findings of the district court were insufficient to support an application of the cross-reference sentence enhancement, and remanded the case for resentencing for White and a co-defendant, Jones.  Id. 957, 972.

At a June 13, 2003, resentencing hearing, the Chief judge "imposed the obstruction of justice enhancement, sentencing White to 480 [months] for the drug conspiracy charge and to 240 months on each of the other three convictions, to be served concurrently."  White, 406 F.3d at 831.

### C.  Second Direct Appeal

Petitioner appealed from the judgment entered on June 20, 2003, in a case docketed by the Seventh Circuit as case number 03-2875.  Id. at 830.  In his second appeal, Petitioner alleged that: (1) the district court impermissibly applied an obstruction of justice enhancement in the June 20, 2003, resentencing because the remand was solely about the murder cross-reference; (2) the enhancement was not supported by the facts, and that it was in violation of United States v. Booker, 543 U.S. 220 (2005); and (3) his due process rights were violated when his co-defendant Jones received a lesser sentence than he did.  United States v. White, 406 F.3d 827, 829, 831 (7th Cir. 2005).

The Seventh Circuit found that the district court permissibly considered the obstruction of justice enhancement and that the sentence did not violate due process.

3

However, the Seventh Circuit again remanded the case for reconsideration after the Guidelines were made advisory by Booker.

In the limited remand considering the post-Booker advisory Guidelines, the district court wrote that it would impose the same sentence. United States v. White, 155 Fed. App'x 901, 902 (7th Cir. 2005). On November 22, 2005, the Seventh Circuit then affirmed Petitioner's sentence. Id.

### D. First § 2255 Motion to Vacate[3]

On January 12, 2004, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 1. On February 12, 2004, the Government filed a motion to dismiss because Petitioner's second appeal before the Seventh Circuit was still pending. ECF No. 4 at 1 – 2. On April 13, 2004, the district court granted the Government's motion to dismiss. ECF No. 7.

### E. Second § 2255 Motion to Vacate and Appeal Thereof[4]

On January 8, 2008, Petitioner filed a second motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 1. Petitioner alleged that he received ineffective assistance of counsel and that the district court erred in admitting hearsay testimony at trial. Id. at 3 – 5. On February 26, 2008, the Government filed a response arguing Petitioner's § 2255 was time-barred. ECF No. 7 at 4. On March 6, 2009, the district court determined that Petitioner was indeed time-barred and dismissed the petition as untimely. ECF Nos. 17 at 2, 18.

---

[3] The facts in section II.D., unless otherwise noted, are taken from Case Number 1:04-CV-71, in the United States District Court for the Southern District of Indiana, available on PACER.

[4] The facts in section II.E. and F., unless otherwise noted, are taken from Case Number 1:08-CV-30, in the United States District Court for the Southern District of Indiana, available on PACER.

On May 5, 2009, Petitioner filed a notice of appeal.  ECF No. 19.  On May 8, 2009, Petitioner filed for a certificate of appealability.  ECF No. 27.  On May 19, 2009, the district court denied Petitioner a certificate of appealability.  ECF No. 29.  On May 20, 2009, the Seventh Circuit docketed Petitioner's appeal as case number 09-2324, and on September 28, 2009, the Seventh Circuit denied Petitioner's request for a certificate of appealability.  ECF Nos. 31, 33 at 2.

**F.  Motion to Vacate Closed Judgment and Appeal Thereof**

On March 9, 2011, Petitioner filed a Motion to Vacate Closed Judgment and Order on Motion for Certificate of Appealability.  ECF No. 34.  Petitioner asserted that his second § 2255 was not time barred because equitable tolling was appropriate due to alleged ineffective assistance of counsel.  ECF No. 34 at 4 – 8.

On April 8, 2011, the district court entered judgment treating Petitioner's motion as a motion under Rule 60(b) of the Fed. R. Civ. P.  ECF No. 35 at 1.  The court denied Petitioner's motion because: (1) it was untimely; (2) it neither invoked the grounds specified in Rule 60(b), nor was it based on those grounds; (3) any change in the law did not warrant relief under Rule 60(b); and (4) his argument for equitable tolling was unpersuasive.  Id. at 2.

Petitioner filed a notice of appeal on June 7, 2011.  ECF No. 36.  This appeal was docketed in the Seventh Circuit as case number 11-2294.  ECF No. 40 at 1.  Petitioner attempted to proceed in forma pauperis.  ECF No. 41.  The Seventh Circuit denied Petitioner's request to proceed in forma pauperis, determining that his appeal was not sought in good faith because it was frivolous.  ECF No. 42.  On February 14,

2012, the Seventh Circuit denied Petitioner's § 2255 notice of appeal—which the court construed as an application for a certificate of appealability. ECF No. 45-1.

### G. Instant 2241 Petition

This § 2241 petition was filed on June 6, 2018, and on June 28, 2018, Petitioner filed an amended memorandum of law in support thereof. ECF Nos. 1, 10. Therein, Petitioner challenges both his conviction and sentence. ECF No. 1 at 1.

Petitioner's sole[5] ground for relief is that the Seventh Circuit misapplied Fed. R. Crim. P. 52(b), and that the district judge in the Southern District of Indiana misapplied various decisions and violated his 5th and 6th Amendment rights. ECF No. 1 at 5. Petitioner now asks this district court to correct errors which he alleges were committed by the district and appellate courts which directly considered his crime and sentence.

Petitioner relies on United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), seeking relief under the savings clause of 28 U.S.C. § 2255(e). ECF No. 10 at 1. Citing to Apprendi v. New Jersey, 530 U.S. 466 (2000), Petitioner claims that the penalty clause of 21 U.S.C. § 841(a)(1) was left out of the indictment returned against him, and therefore, his conviction and sentence are invalid. ECF No. 10 at 1, 4. Further, citing to Crawford v. Washington, 541 U.S. 36 (2004), Petitioner claims that the testimony of a now deceased witness was impermissibly admitted hearsay. Id. at 1 – 2. Petitioner also claims that he received ineffective assistance of counsel. Id. at 3.

---

[5] Although Petitioner asserts only one ground for relief related to his sentence, he claims that the trial court permitted third party testimony at trial, which would arguably constitute a challenge to his conviction, and further, he indicates in the Court-approved form that he is challenging both his conviction and sentence. ECF No. 1 at 1, 5.

### III.  LEGAL STANDARD

**A.  Reviews for Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.  Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

> baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

>(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
>(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

>(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

### A. Petitioner's Challenge to His Conviction

In Petitioner's challenge to his conviction, § 2241 relief is unavailable. Even if Petitioner could satisfy the first and third prongs of the Jones test, he cannot meet the requirements of the second prong.

The second prong of the Jones test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the Jones test because the federal crimes for which he was convicted—(Count 1) conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, and (Counts 7, 8, and 22) money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i), and (h)—remain criminal offenses. Accordingly, to the extent Petitioner raises a challenge to the validity of his conspiracy and money laundering convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

### B. Petitioner's Challenge to His Sentence

Petitioner claims that the district court and Seventh Circuit both misapplied Fed. R. Crim. P. Rule 52(b) through a misapplication of the plain error standard. Petitioner relies on United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), seeking relief under the savings clause of 28 U.S.C. § 2255(e). However, Petitioner's direct appeal rights are now time barred. Both of Petitioner's § 2255 motions were denied and are also time barred. Accordingly, Petitioner has two options: (1) he may seek leave to file a

successive § 2255 under § 2255(h)(2) or (2) he can file a § 2241 petition which relies on the § 2255(e) savings clause. Because Petitioner's argument does not rely on any newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate, thus he is unable to obtain relief through the first option. In order for Petitioner to challenge his sentence and obtain relief under § 2241, he must proceed under the second option, he must rely on the § 2255(e) savings clause and satisfy all four prongs of the Wheeler test. However, in this case, even if Petitioner meets the first[9] and third prongs of the Wheeler test, Petitioner cannot meet the second or fourth prongs.

Petitioner fails to meet the second prong of the Wheeler test, which has three clauses. One, after Petitioner's direct appeal and first § 2255 motion, two, the substantive law must change, and three, that change must be deemed to apply retroactively on collateral review. It is clear that Petitioner has filed a direct appeal and first § 2255 motion, and thus he meets the first clause of the second prong of Wheeler. However, Petitioner cannot meet either the second or third clause of the second prong of Wheeler. Petitioner fails to allege that the substantive law has changed. Petitioner instead alleges that the district court and the Seventh Circuit misapplied the law. Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test. Moreover, as the substantive law has not changed, any such change cannot have been deemed to apply retroactively on collateral review, and Petitioner has failed to satisfy the third clause of the second prong of the Wheeler test.

---

[9] Although not entirely clear, Petitioner appears to argue that the sentencing court and Seventh Circuit both misapplied the law, and that his sentence and conviction were never legally imposed. If Petitioner were correct in these allegations, he would also fail to satisfy the first prong of the Wheeler test.

Further, Petitioner fails to meet the fourth prong of the <u>Wheeler</u> test, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018). In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u>, when the sentencing Guidelines were mandatory. <u>Id.</u> at 714.

However, the <u>Lester</u> Court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong. <u>Id.</u> at 715 ("<u>Foote</u>[10] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-<u>Booker</u>, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." <u>Id.</u> When a petitioner is sentenced under the post-<u>Booker</u>, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." <u>Id.</u> In conclusion, the <u>Lester</u> Court observed that "the savings clause should provide only the

---

[10] In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255. <u>Foote</u>, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)). The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. <u>Id.</u> at 940, 944.

tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

The Fourth Circuit recently reaffirmed that "Foote bars a challenge to a trial court's misapplication of the advisory Guidelines under 28 U.S.C. § 2255." Kornegay v. Warden, FCI Butner, 748 Fed. App'x. 513 (4th Cir. 2019). Indeed, "Although the district court sentenced Kornegay in the pre-Booker era, it imposed the same 209-month sentence as an alternative sentence considering the Guidelines as advisory . . . . Thus, Kornegay was sentenced under the advisory Guidelines and Foote bars his petition." Id. at 514.

While Petitioner's resentencing occurred pre-Booker, his sentence was reconsidered in light of Booker and affirmed under the advisory Guidelines. Petitioner was originally sentenced on December 12, 1999. Case No. 1:98-CR-38-3, ECF No. 1 at 18. After prevailing on his first direct appeal, Petitioner was re-sentenced without an incorrect enhancement on June 20, 2003. Both of these sentences were handed down pre-Booker under the then-mandatory Guidelines. However, on Petitioner's second direct appeal, the Seventh Circuit issued a limited remand for the sentencing court to reconsider Petitioner's sentence in light of the post-Booker, now-advisory Guidelines. United States v. White, 406 F.3d 827, 836 (7th Cir. 2005). In that limited remand, considering the Guidelines as advisory, the district court wrote that it would impose the same sentence. United States v. White, 155 Fed. App'x 901, 902 (7th Cir. 2005). On November 22, 2005, the Seventh Circuit affirmed Petitioner's resentencing under the advisory Guidelines. Id.

In this case, just as in Kornegay, Petitioner was originally sentenced pre-Booker, then had the same sentence re-imposed after reconsideration under the advisory Guidelines. Therefore, Petitioner's sentence with enhancements was imposed under the post-Booker, advisory Guidelines. Regardless of whether there was a misapplication of the enhancements, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

In sum, Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, because he fails to meet the second prong of the Jones test. Accordingly, a challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider such a challenge. Similarly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, because he fails to meet the second or fourth prongs of the Wheeler test, a challenge to his sentence may not be considered under § 2241, and this Court its without jurisdiction to hear such a challenge. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

15

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: January 9, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE