# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MARK A. WHITE,**

    Petitioner,

v.                                                    **CIVIL ACTION NO.: 3:18-CV-92**
                                                          **(GROH)**

**WARDEN ENTZEL,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 16] on January 9, 2020. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on January 13, 2020. ECF No. 17. The Petitioner filed his objections on January 21, 2020. ECF No. 18. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On June 6, 2018, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On June 28, 2018, the Petitioner submitted an amended memorandum in support of his petition. Therein, the Petitioner challenges the validity of his conviction and sentence imposed in the Southern District of Indiana, Criminal Action No. 1:98-CR-38-3, for drug conspiracy and money laundering. In support, the Petitioner avers that the prosecuting attorney deliberately and intentionally left out the penalty clause of 21 U.S.C. § 841(a)(1) of the indictment returned against him, thus making the indictment defective in light of Apprendi v. New Jersey, 530 U.S. 460 (2000). ECF No. 10 at 1. In addition, the Petitioner alleges that the Seventh Circuit Court of Appeals' failure to apply the ruling in Crawford v. Washington, 541 U.S. 36 (2004), while the direct appeal to his sentence was pending constituted plain error. Id. at 2.

## III. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. §

2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless, pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Under Wheeler, a § 2255 motion is inadequate or ineffective to test the legality of a sentence when the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). If these four requirements are met, the savings clause is satisfied, and a prisoner may challenge the legality of his sentence under 28 U.S.C. § 2241. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain [the petition] to begin with." Id. at 425.

Similarly, the Fourth Circuit has recognized that § 2255 is inadequate and ineffective to test the legality of a conviction when the following three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and,

3

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under Jones, a prisoner may pursue § 2241 relief only if he was denied an opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). However, if the prisoner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such change," then a § 2241 motion is not an available course of action. Id.

## IV. Analysis

In this case, Judge Trumble found that the Petitioner was not entitled to § 2241 relief for his conviction and sentence. In reviewing the Petitioner's challenge to his conviction, Judge Trumble found the Petitioner unable to satisfy the second prong of the Jones test because the federal crimes for which he was convicted remain criminal offenses. Likewise, Judge Trumble found the Petitioner unable to satisfy the second prong of the Wheeler test because he fails to allege that the substantive law changed after his direct appeal and first § 2255 motion. Instead, the Petitioner "alleges that the district court and the Seventh Circuit misapplied the law." ECF No. 16 at 12. Moreover, Judge Trumble finds the Petitioner unable to satisfy the fourth prong of the Wheeler test because the alleged misapplication of sentencing enhancements does not result in a fundamental defect. See United States v. Foote, 784 F.3d 931 (4th Cir. 2015); see also Kornegay v. Warden, FCI Butner, 748 Fed. App'x. 513 (4th Cir. 2019).

In his objections, the Petitioner reiterates his argument that the Seventh Circuit failed to apply the ruling in Crawford to his resentencing, which constituted a substantive

4

change in law. The Petitioner also avers that he never needed retroactivity to receive the constitutional guarantees provided in Crawford and Apprendi because his direct appeal was still pending. In addition, the Petitioner notes that since the Seventh Circuit applied United States v. Booker, 543 U.S. 220 (2005) to his case, it should have also applied Crawford and Apprendi. ECF No. 18 at 4.

While Crawford and Apprendi are undoubtedly important decisions, these holdings were not deemed to apply retroactively as required under the second prong of Wheeler. New rules of constitutional criminal procedure may be applied retroactively on collateral review in habeas corpus proceedings only if they satisfy one of the two narrow exceptions proscribed in Teague v. Lane, 489 U.S. 288, 311 (1989). United States v. Sanders, 247 F.3d 139, 147–48 (4th Cir. 2001). The first Teague exception applies to new rules that "place an entire category of primary conduct beyond the reach of criminal law, or…prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense." Sawyer v. Smith, 497 U.S. 227, 241 (1990). The second Teague exception only applies to watershed rules that are essential to the fundamental fairness of criminal proceedings. Id. at 241–42. The Fourth Circuit holds that the Apprendi rule does not fall within either Teague exception and therefore does not apply retroactively on collateral review. See Sanders, 247 F.3d at 151. Similarly, "[t]he majority of circuits ruling on the retroactivity of Crawford have held that it is not retroactive." Call v. Polk, 2006 WL 3333063, at *1 (W.D.N.C. Nov. 16, 2006) (listing cases from the First, Second, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits where this issue was decided). Because the Petitioner is unable to demonstrate that the Crawford and Apprendi rules apply

retroactively, he is unable to meet all four conditions established in <u>Wheeler</u> for relief under the § 2255(e) savings clause. Accordingly, the Petitioner's objections are overruled.

### V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 24, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE